In the Matter of REXENE CORPORA-
TION (formerly known as Rexene Prod-
ucts Company), et al., Reorganized Debt-
ors.

REXENE CORPORATION, Plaintiff,

v.

Socorro U. PANDO, Defendant.

REXENE CORPORATION, Plaintiff,

v.

Socorro U. PANDO, et al., Defendants.

Bankruptcy Nos. 91–1057 to 91–1059.
Adversary Nos. A–93–143, A–94–84.

United States Bankruptcy Court,
D. Delaware.

Jan. 10, 1995.

Laura Davis Jones, David W. O'Connor, Young, Conaway, Stargatt & Taylor, Wilmington, DE, for plaintiff.

Joseph M. Bernstein, Wilmington, DE (John Leger, Leger, Coplen & Jefferson, Houston, TX, of counsel), for defendants.

## MEMORANDUM OPINION
## AND ORDER

HELEN S. BALICK, Chief Judge.

This is the court's Opinion on the contested objection to proofs of claim filed by Socorro Pando and others, 17 in number. Counsel agree that the only legal issue is whether the publication notice of Rexene's bar date is sufficient to sustain Rexene's objection.

The parties requested the court to decide the issue on the pleadings found at docket numbers 861, 862, 864 and 866 in the Rexene case, numbers 91–1057 through 91–1059, in lieu of a dispositive motion. This is a core proceeding. 28 U.S.C. § 157(b)(2)(A) and (B).

The undisputed facts relevant to the disputed issue are as follows. The Debtors filed Chapter 11 petitions on October 18, 1991. The Pando claimants were unknown to Rexene and consequently were not listed as creditors. This court on November 20, 1991 issued an order setting January 10, 1992 as the final date (bar date) for filing claims against

the Debtors. Notice of the final date for filing claims was published in the *Odessa American* on December 4, 1991. The Pando claimants all reside in or near Odessa, Texas.

Debtors' plan, confirmed July 7, 1992, consummated September 18, 1992, resulted in the Debtors' discharge. 11 U.S.C. § 1141(d). The Pando claimants filed suit against Rexene in March 1993 in a Texas state court claiming damages as a result of various chemical exposures while working in Rexene's plant in Odessa, Texas.

In May 1993 Socorro Pando filed an individual suit against Rexene in a Texas state court based on wrongful termination of employment. Both suits involved alleged prepetition events. Rexene initiated two adversary proceedings, first against Socorro individually (A–93–143) and, second, against the Pando claimants (A–94–84) on November 24, 1993 and June 6, 1994 respectively. These adversaries sought permanent injunctions based upon its plan, the confirmation order and the effect of confirmation. The proofs of claim were filed July 8, 1994.

Rexene contends that the Pando claimants received adequate notice of the bar date by virtue of the published notice in the *Odessa American* on December 4, 1991. The gist of the Pando claimants' argument is that the bar date notice was insufficient to satisfy the requirements of due process in that it did not "explain the significance of the 'bar date' ".

In the published notice, the Debtors name "REXENE PRODUCTS COMPANY" appears in capital letters as does the title "NO-TICE OF FINAL DATE FOR FILING CLAIMS AGAINST THE DEBTORS". In the body of the notice appears the statement that this court fixed "January 10, 1992 as the last day for any creditor whose claims are not scheduled ... and who desires to participate in the case or share in any distribution to file a proof of claim (the "bar date")". The notice also indicated that for a claim to be validly and properly filed, it had to be received on or before the bar date by the named claims agent. The notice further stated that any requests for extensions of the bar date had to be filed with the court no later than December 20, 1991.

The bold-faced title of the published notice indicates that this notice relates solely to the final date for filing claims against the Debtor, Rexene Products Company, whose name also appears in bold face. The notice clearly states January 10, 1992 is the last day for filing claims, the required procedure and the significance of not complying with the notice.

The Pando claimants fall into the category of unknown creditors. The cases cited on behalf of the Pando claimants do not support their argument. The United States Supreme Court in *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950) held that publication notice is wholly effective as to all unknown creditors. Implicit in the Court's ruling is that due process must be satisfied. Here, the notice explicitly apprised interested parties of what was required to participate in Rexene's Chapter 11 case and the consequences of failing to follow the procedure outlined. *See In re Trump Taj Mahal Associates*, 156 B.R. 928, 939–40 (Bankr.D.N.J.1993). Due process has been satisfied.

Rexene's objection to the 17 proofs of claim filed on behalf of the Pando claimants must be sustained and permanent injunctions issue in accordance with Stipulation and Order entered in each Adversary Proceeding.

An order is attached.

### ORDER DISALLOWING LATE CLAIMS

AND NOW, January 10, 1995, upon the Debtors' Objection to the Pando Claimants' proofs of claim filed after the bar date seeking the issuance and entry of an Order disallowing those claims on the ground that they are time-barred, it is

ORDERED, that the Objection is SUS-TAINED; and it is further

ORDERED, that the Late Claims, a list of which is attached as Exhibit A, are DISAL-LOWED; and it is further

ORDERED, that the Late Claimants are forever barred from pursuing the Late Claims through the Texas Lawsuits, as that term is defined in the Objection and in the Adversary Proceedings (A–93–143; A–94–84) or through other means; and it is further

ORDERED, that the Late Claimants are barred from sharing in the Debtors' estates, to the extent of such Late Claims.

EXHIBIT A
LATE CLAIMS

CLAIMANT | CLAIM/CLASSIFICATION
--- | ---
Alfonso Garcia Pando | $100,000/Unsec. Priority
Socorro Urias Pando | $100,000/Unsec. Priority
Trinidad Santillan Armendariez | $100,000/Unsec. Priority
Ricardo Alvarez Galindo | $100,000/Unsec. Priority
Pedro A. Levario | $100,000/Unsec. Priority
Jesus Lujan | $100,000/Unsec. Priority
Jesus Hernandez Sanchez | $100,000/Unsec. Priority
Jose Garcia Carrasco | $100,000/Unsec. Priority
Jesus Alvarez Sanchez | $100,000/Unsec. Priority
Frank Trevino | $100,000/Unsec. Priority
Frank Javier Flores Tavarez | $100,000/Unsec. Priority
David Carrasco | $100,000/Unsec. Priority
Daniel Del Rio | $100,000/Unsec. Priority
Cipriano Rodriguez | $100,000/Unsec. Priority
Arturo Armendariz | $100,000/Unsec. Priority
Arnunfo R. Payen | $100,000/Unsec. Priority
Al Pando, Jr. | $100,000/Unsec. Priority